1  ADAM N. BARASCH (State Bar No. 158220)
   BERNARD J. KORNBERG (State Bar No. 252006)
2  TORIANA S. HOLMES (State Bar No. 282600)
   JOHN B. SULLIVAN (State Bar No. 96742)
3  SEVERSON & WERSON, P.C.
   One Embarcadero Center, Suite 2600
4  San Francisco, CA  94111
   Telephone: (415) 398-3344
5  Facsimile:  (415) 956-0439
   tsh@severson. com
6

7  Attorneys for Creditor
   ALLY FINANCIAL INC. F/K/A GMAC
8

9              UNITED STATES BANKRUPTCY COURT

10                  CENTRAL DISTRICT

11                LOS ANGELES DIVISION

| | |
|---|---|
| 12 In re | Case No.:  2:15-bk-15658-TD |
| 13 DANTE ALLEN BOONE, | Chapter 7 |
| 14           Debtor, | Adv. No.: |
| 15 ALLY FINANCIAL INC., F/K/A GMAC, | **ALLY FINANCIAL INC. F/K/A GMAC'S COMPLAINT FOR CONVERSION, INTERFERENCE WITH CHATTELS, AND TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(6)** |
| 16           Plaintiff, | |
| 17      vs. | |
| 18 DANTE ALLEN BOONE, | Date: |
| 19           Defendant. | Time: |
| 20 | Judge:    Hon. Thomas B. Donovan |
| | Place:    255 E. Temple Street |
| 21 | Los Angeles, CA 90012 |
| 22 | |
| 23 | |
| 24 | |

25      COMES NOW, Plaintiff, Ally Financial Inc. f/k/a GMAC ("Ally" or "Plaintiff") and for

26  causes of action against Defendant, Dante Allen Boone ("Debtor" or "Defendant"), hereby

27  alleges:

28

17000.4117/5141914.1

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523

## JURISDICTION AND VENUE

1.      This Court has exclusive jurisdiction over this adversary proceeding as a core proceeding to the extent it seeks to determine the dischargeability of Debtor's debt pursuant to 28 U.S.C. §§ 157(b)(1), (b)(2)(I), and 1334.

2.      This proceeding arises in and relates to the current Chapter 7 bankruptcy case of *In re Dante Boone*, filed in this Court on April 10, 2015, in this District as Case No. 2:15-bk-15658-TD.

3.      Venue of this adversary proceeding is proper in this district and division pursuant to 28 U.S.C. § 1409(a), as the Debtor's Chapter 7 bankruptcy proceeding is presently pending before this Court.

4.      This adversary proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A)(matters concerning the administration of the estate). To the extent any claim for relief contained herein is determined not to be a core proceeding, the Parties consent to entry of final judgment and orders by the Bankruptcy Court.

5.      The deadline to file a complaint to determine the dischargeability of Defendant's debt has been extended to November 9, 2015.

## GENERAL ALLEGATIONS

6.      Plaintiff, Ally, is a corporation in good standing authorized and licensed to conduct business in the state of California.

7.      Defendant, Dante Allen Boone, is a Debtor in this Court in a pending Chapter 7 proceeding.

8.      On August 9, 2006, Defendant entered into a Retail Installment Sales Contract ("Contract") with Team Chevrolet in Pasadena, California ("Dealer") to borrow $55,523.61 in order to finance the purchase of a new 2007 Chevrolet Corvette.  As security for the obligation under the Contract, Defendant granted Dealer a security interest in the 2007 Chevrolet Corvette, Vehicle Identification No. 1G1YY36U275102669 ("Vehicle"). Subsequently, the Dealer assigned the Contract and the security interest in the Vehicle to Plaintiff.  Plaintiff perfected its security interest in the Vehicle by recording its lien on the Certificate of Title to the Vehicle.  A true and

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523

1   correct copy of the Contract and the Certificate of Title are attached hereto as <u>Exhibit A</u> and

2   <u>Exhibit B</u>, respectively.

3       9.    Defendant was the sole signing purchaser on the Contract.

4       10.    Pursuant to the terms of the Contract, Defendant was obligated to pay Plaintiff the

5   sum of $55,523.61 at an interest rate of 9.70% in 59 consecutive monthly payments of $1,176.23

6   each commencing September 24, 2006, and continuing through the Contract maturity date

7   ("Loan").

8       11.    Pursuant to the terms of the Contract, Defendant made multiple promises to

9   Plaintiff.

10       12.    Pursuant to the terms of the Contract, Defendant promised that, [y]ou agree to pay

11   the Creditor – Seller the Amount Financed and Finance Charge according to the payment

12   schedule below." (See <u>Exhibit A</u>.)

13       13.    Pursuant to the terms of the Contract, Defendant promised that, [y]ou agree not to

14   remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the

15   vehicle or this contract without our written permission.  You agree not to expose the vehicle to

16   misuse, seizure, confiscation, or involuntary transfer.  (See <u>Exhibit A</u>.)

17       14.    Pursuant to the terms of the Contract, Defendant promised that, "[y]ou agree to

18   have physical damage insurance covering loss of or damage to the vehicle for the term of this

19   contract.  The insurance must cover our interest in the vehicle." (See <u>Exhibit A</u>.)

20       15.    Pursuant to the terms of the Contract, Defendant promised that, "[y]ou agree to

21   pay all you owe under this contract even if the vehicle is damaged, destroyed, or missing." (See

22   <u>Exhibit A</u>.)

23       16.    The Contract provided that upon default, Plaintiff has the right to accelerate the

24   contract and have all amounts owed due at once.  Additionally, the Contract provides for

25   reasonable costs of collecting on the amounts owed, including collection agency and court costs.

26       17.    On March 25, 2009, Defendant and Plaintiff entered into a Refinancing Agreement

27   incorporating all of the terms of the original Contract and modifying the payment terms.  Per the

28   Refinancing Agreement, Defendant was to pay Plaintiff 54 monthly payments of $806.74 on or

1  before the 25th day of each month.   A true and correct copy of the Refinancing Agreement is

2  attached hereto as Exhibit C.

3      18.    In 2011, Defendant defaulted under the terms of the Contract.  The last payment

4  Plaintiff received from Defendant was on August 31, 2011. A true and correct copy of Plaintiff's

5  records and payment history is attached hereto as Exhibit D.

6      19.    On May 30, 2012, Defendant filed a petition for relief under Chapter 13, United

7  States Bankruptcy Court, Central District of California, Los Angeles Division, case number 2:12-

8  bk-29002 ("BK #1").  A true and correct copy of the docket report for Defendant's BK#1 is

9  attached hereto as Exhibit E.

10      20.    Per the Defendant's First Amended Plan filed on July 20, 2012, in BK #1,

11  Defendant was surrendering the Vehicle to Plaintiff.  A true and correct copy of the Amended

12  Plan is attached hereto as Exhibit F.[1]

13      21.    On August 22, 2012, due to an outstanding default and pursuant to the terms of the

14  First Amended Plan providing for the voluntary surrender of the Vehicle, Plaintiff filed a motion

15  for relief from the automatic stay. (See Exhibit E, Docket Entry No. 23.)

16      22.    On September 27, 2012, an Order Granting Plaintiff's Motion for Relief from Stay

17  as to the Vehicle was entered in BK #1.  A true and correct copy of the Order Granting Plaintiff

18  Relief from Stay is attached hereto as Exhibit G.

19      23.    Following the entry of the Order Granting Plaintiff Relief from Stay, Plaintiff's

20  attempts to secure the cooperation of Defendant and his prior counsel in arranging for the

21  Vehicle's surrender were unsuccessful.  From October 10, 2012 to April 13, 2013, the Vehicle

22  was issued for recovery by PRA Location Services and PK Willis, at Defendant's residence in

23  Inglewood, California and his place of employment in Inglewood, California. Despite these

24  attempts, Plaintiff was unable to recover the Vehicle.

25      24.    On April 1, 2013, Plaintiff was notified by the Defendant that approximately one

26

27      [1] The Defendant's subsequent amended plans all stated that Defendant would be
surrendering the Vehicle to Plaintiff (See Exhibit F, Docket Entry Nos. 27, 29, 41, 57, and 87.)

28

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523

1    year before, Defendant had parted out and sold pieces of the Vehicle for money and the Vehicle

2    no longer existed.

3          25.      Relying upon Defendant's statement that he had parted out the Vehicle, and the

4    Vehicle no longer existed, Plaintiff ceased recovery efforts in April 2013.

5          26.      On April 10, 2015, Defendant filed for Chapter 7 relief under the Bankruptcy

6    Code, his current bankruptcy case, United States Bankruptcy Court, Central District of California,

7    Los Angeles Division, case number 2:15-bk-15658.  Neither the Vehicle, nor the debt to Plaintiff

8    were listed in Defendant's schedules.

9          27.      At the scheduled 341(a) Meeting of Creditors on May 11, 2015 in Defendant's

10   current bankruptcy case, Plaintiff learned that the Vehicle had not been parted out, but instead

11   was totaled in 2014 when it was driven by Defendant's son.  Defendant further testified that the

12   Vehicle was not insured at the time of the accident and he had no other information regarding

13   what happened to the Vehicle.

14         28.      On June 1, 2015, counsel for Plaintiff and Defendant entered into a Stipulation

15   Extending Deadline to File Complaint Objecting to the Dischargeability of Debt Under 11 U.S.C.

16   § 523.  The stipulation was filed on June 2, 2015, and sought to extend the July 10, 2015 deadline

17   to object to the Defendant's discharge to September 8, 2015.

18         29.      An order approving the stipulation was entered on June 4, 2015.

19         30.      On July 14, 2015, Plaintiff filed an Ex Parte Motion for Rule 2004 Examination.

20   An order approving the Ex Parte motion was subsequently entered on July 22, 2015, setting the

21   Rule 2004 Examination for August 13, 2015.

22         31.      On August 13, 2015, Plaintiff conducted the Rule 2004 Examination of the

23   Defendant.

24         32.      In light of the information that was gathered at the Rule 2004 Examination, the

25   parties entered into a Stipulation Further Extending Deadline to File Complaint Objecting to the

26   Dischargeability of Debt Under 11 U.S.C. § 523 on August 19, 2015.  The stipulation was filed

27   on August 20, 2015, and sought to extend the September 8, 2015 deadline to object to the

28   Debtor's discharge to October 8, 2015.

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523

33.     An order approving the stipulation further extending the deadline was entered on August 21, 2015.

34.     The parties entered into a Second Stipulation Further Extending Deadline to File Complaint Objecting to the Dischargeability of Debt Under 11 U.S.C. § 523 that was file on September 30, 2015.  This second stipulation sought to extend the October 8, 2015 deadline by thirty (30) days to November 9, 2015.

35.     An order approving the stipulation further extending the deadline was entered on October 7, 2015, setting Plaintiff's deadline to object for November 9, 2015.

36.     Based upon the information gathered from the Rule 2004 Examination, and contrary to Defendant's representations to Plaintiff in 2013, Defendant was aware of Plaintiff's efforts to recover the Vehicle following the entry of Order Granting Ally Relief from Stay in Debtor's BK #1, and Defendant took affirmative steps to prevent Plaintiff from recovering the Vehicle.  Defendant admitted he intentionally lied and mislead Plaintiff when he informed them that the Vehicle was parted out and no longer existed.

37.     Based upon the information gathered from the Rule 2004 Examination, this act was done intentionally, without just cause and was done pre-petition.

38.     Based upon the information gathered from the Rule 2004 Examination, Defendant further admitted that the Vehicle was kept in his garage from 2011 to March 2014, at which time he was aware of Plaintiff's repossession efforts, but did nothing to contact Plaintiff.  Defendant also admitted that during this time the Vehicle was kept in his garage, and as a result, the condition of the Vehicle had deteriorated to the point where the tires had been deflated, the Vehicle's interior was littered with rat droppings, and rats had chewed away at the interior.  Defendant registered the Vehicle as non-operational in 2013.  Defendant renewed the registration sometime in 2014.  Defendant did not contact Plaintiff at any time to advise of the Vehicle's location or condition.

39.     Based upon the information gathered from the Rule 2004 Examination, this act was done intentionally, without just cause and was done pre-petition.

40.     Based upon the information gathered at the 341(a) Meeting of Creditors in

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523

Defendant's current bankruptcy case, and confirmed at the Rule 2004 Examination, Defendant, aware of Plaintiff's repossession efforts, willfully transferred possession of the Vehicle to a third party not on the Contract, his son Xavier Boone, in March 2014.  This was done without Plaintiff's knowledge or consent.

41.    Based upon the information gathered from the Rule 2004 Examination, this act was done intentionally, without just cause and was done pre-petition.

42.    When Defendant transferred possession of the Vehicle to his son, Defendant was also familiar with his son's driving record, specifically that his son had a history of driving with a revoked or suspended license.  Defendant could not recall if his son had a valid license at the time the Vehicle was transferred to him in March 2014, nor did he take any action to confirm if his son had a valid license at the time.

43.    Based upon the information gathered from the Rule 2004 Examination, this act was done pre-petition.

44.    Based upon the information gathered from the Rule 2004 Examination, Defendant further admitted that at the time of the transfer, the Vehicle was not insured per the terms of the Contract.  Defendant had allowed the insurance policy to lapse in 2011, and did not take any steps to confirm if his son had a valid insurance policy at the time he transferred possession of the Vehicle to him.  Defendant openly admitted that at the time, he no longer cared for what happened to the Vehicle.  His son subsequently totaled the Vehicle in March 2014.

45.    Based upon the information gathered from the Rule 2004 Examination, Defendant's conduct was intentional, without just cause and was done pre-petition.

46.    Upon learning that his son totaled the Vehicle in March 2014, Defendant did not take any action to notify Plaintiff.

47.    Based upon the information gathered from the Rule 2004 Examination, this act was done pre-petition.

48.    Despite exercising all reasonable diligence, Plaintiff has no information regarding what happened to the Vehicle after the accident in March 2014, other than Defendant left his son to deal with the Vehicle.  Plaintiff is unaware of the location of the Vehicle and does not know

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523

who, if anyone, has possession of the Vehicle.

49.     The outstanding balance owing under the Contract is currently $23,858.95, excluding attorneys' fees and costs.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### (Conversion)

50.     The allegations contained in paragraphs 1 through 49 inclusive are incorporated herein by reference as if set out in full.

51.     Plaintiff, by virtue of the Certificate of Title, is the rightful legal owner of the Vehicle.

52.     By concealing the Vehicle from Plaintiff, despite being aware of Plaintiff's right to possess the Vehicle per the Order Granting Plaintiff relief from the automatic stay, and subsequent efforts to recover the Vehicle, Defendant wrongfully converted Plaintiff's property rights in the Vehicle.

53.     In doing so, Defendant acted with full knowledge that the acts were wrongful, that he had no right to do so, and the acts were done without just cause or excuse.

54.     By intentionally misrepresenting the condition Vehicle, that is was parted out and sold, and retaining the Vehicle, Defendant wrongfully converted Plaintiff's property rights in the Vehicle.

55.     By doing so, Defendant knew, or was substantially certain, that Plaintiff would be directly harmed and unable to recover the Vehicle.

56.     Alternatively, by allowing his son to drive the Vehicle, without the knowledge or consent of Plaintiff, and his son totaling the Vehicle, Defendant has wrongfully converted Plaintiff's property rights in the Vehicle.

57.     Plaintiff has been damaged in the amount of at least $22,375.00, which Plaintiff alleges was the value of Vehicle had Defendant not caused the Vehicle to be totaled.

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523

### SECOND CAUSE OF ACTION
### (Interference with Chattels)

58.     Plaintiff incorporates by as though fully set forth paragraphs 1 to 57 above.

59.     Plaintiff, by virtue of the Certificate of Title, is the rightful legal owner of the Vehicle.

60.     By surrendering the Vehicle, Defendant turned over all right to possession of the Vehicle to Plaintiff.

61.     By concealing the Vehicle and intentionally misleading Plaintiff about the condition of the Vehicle, Defendant intentionally interfered with Plaintiff's possession of the Vehicle.

62.     In doing so, Defendant acted with full knowledge that the acts were wrongful, that he had no right to do so, and the acts were done without just cause or excuse.

63.     Defendant is directly liable for the interference with chattels as described in paragraphs 55 through 58, above.

64.     Plaintiff has been damaged in the amount of at least $22,375.00, which Plaintiff alleges was the value of Vehicle had Defendant not caused the Vehicle to be totaled.

### THIRD CAUSE OF ACTION
### (Defendant's Obligation To Plaintiff Is Non-Dischargeable Pursuant To Bankruptcy Code §523(A)(6))

65.     Plaintiff incorporates by reference as though fully set forth paragraphs 1 through 64 above.

66.     Defendant willfully and actively concealed the location and true condition of the Vehicle.

67.     Defendant intentionally misrepresented to Plaintiff that the Vehicle had been parted out and no longer existed.  When he made this statement, he knew it to be false and made this representation to deceive and defraud Plaintiff and to induce Plaintiff to act in reliance on these representations.

68.     Plaintiff, at the time these representations were made by Defendant, and at the time Plaintiff took the action herein to recover the Vehicle, was ignorant of the falsity of Defendant's

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523

1    representations and believed them to be true.  In reliance on this representation, Plaintiff was

2    induced to suspend its recovery efforts.  Had Plaintiff known the actual facts and that the Vehicle

3    was not parted out and still existed, Plaintiff would not have taken such action.

4    69.    Defendant not only intentionally misrepresented to Plaintiff that the Vehicle had

5    been parted out and no longer existed, but then Defendant willfully transferred possession of the

6    Vehicle to a third party not on the Contract, his son, without Plaintiff's knowledge or consent.

7    70.    Defendant's wrongful act in converting Plaintiff's property was done

8    intentionally, without just cause or excuse.

9    71.    Plaintiff has been damaged in the amount of at least $22,375.00, which Plaintiff

10    alleges was the value of Vehicle had Defendant not caused the Vehicle to be totaled.

11    72.    Plaintiff alleges that Defendant's conduct renders the debt non-dischargeable

12    under 11 U.S.C. § 523(a)(6).

13    **FOURTH CAUSE OF ACTION**
**(Attorneys' Fees)**

14
15    73.    Plaintiff incorporates by reference as though fully set forth paragraphs 1 through

16    72.

17    74.    Pursuant to the Contract, Plaintiff is entitled to reimbursement for attorneys' fees

18    and costs incurred in protecting its interest in the Vehicle.

19    75.    Accordingly, Defendant is liable for attorneys' fees incurred in bringing this

20    action.

21    **PRAYER**

22    WHEREFORE,  Plaintiff prays for judgment as follows:

23    1.    That this Court determine that Defendant is liable to Plaintiff and that the debt

24    owed is nondischargeable pursuant to Bankruptcy Code § 523(a)(6);

25    2.    That this court enter Judgment against Defendant and for Plaintiff in the amount of

26    at least $22,375.00, which Plaintiff alleges was the value of Vehicle had Defendant not caused the

27    Vehicle to be totaled.;

28    3.    For an award of punitive damages against Defendant in an amount to be

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523

1    determined at trial;

2        4.    For an award of attorneys' fees and costs of suit; and

3        5.    For such other and further relief as this Court deems just and proper.

4

5

6    DATED:  November 6, 2015            SEVERSON & WERSON
                                        A Professional Corporation

7

8                                       By:    _/s/ Toriana S. Holmes_____

9                                              Adam N. Barasch/Toriana S. Holmes

10                                      Attorneys for Creditor, Ally Financial, Inc. f/k/a GMAC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523

RETAIL INSTALLMENT SALE CONTRACT – SIMPLE INTEREST FINANCE CHARGE

| Dealer Number | 23152 | Contract Number | | R.O.S. Number | | Stock Number | 42582 |

DANTE A BONILLA
9207 S VAN NESS AVE
INGLEWOOD LOS ANGELES CA 90305

TEAM CHEVROLET
3075 E COLORADO BLVD
PASADENA CA 91107

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| NEW | 2007 | CHEVROLET CORVETTE | 10 | 1G1YT36U275102669 | [X] personal, family or household / business or commercial |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| 9.70 % | $ 15050.19 | $ 55523.61 | $ 70573.80 | $ 70573.80 |

**YOUR PAYMENT SCHEDULE WILL BE:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| One Payment at | N/A | N/A |
| One Payment of | N/A | N/A |
| 59 Payments | 1176.23 | Monthly, Beginning 09/24/200 |
| One Final Payment | 1176.23 | DUE ON 08/24/2011 |

Late Charge. If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
Prepayment. If you pay off your debt early, you may be charged a minimum finance charge.
Security Interest. You are giving a security interest in the vehicle being purchased.
Additional Information. See the contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

### ITEMIZATION OF THE AMOUNT FINANCED

1. Total Cash Price
   A. Cash Price of Motor Vehicle and Accessories ... $ 64635.00
      1 Cash Price Vehicle ... $ 63140.00
      2 Cash Price Accessories ... $ 1495.00
      3 Other (Nontaxable)
         Describe N/A ... $ N/A
   B. Document Preparation Fee (not a governmental fee) ... $ 45.00
   C. Smog Fee Paid to Seller ... $ N/A
   D. Theft Deterrent Device ... $ 795.00
   E. Theft Deterrent Device ... $ 1190.00
   F. Surface Protection Product ... $ N/A
   G. Surface Protection Product ... $ N/A
   H. Sales Tax (on taxable items in A through G) ... $ 5495.86
   I. Optional DMV Electronic Filing Fee* ... $ 28.00
   J. (Optional) Service Contract (to whom paid) GMPP ... $ 2825.00
   K. (Optional) Service Contract (to whom paid) N/A ... $ N/A
   L. Prior Credit or Lease Balance paid by Seller to N/A ... $ N/A
      (see downpayment and trade-in calculation)
   M. (Optional) Gap Contract (to whom paid) ... $ N/A
   N. (Optional) Used Vehicle Contract Cancellation Option Agreement $ ... $ N/A
   O. Other (to whom paid)* N/A ... $ N/A
      Fo- N/A
   Total Cash Price (A through O) ... $ 75017.86

2. Amounts Paid to Public Officials
   A. License Fees ESTIMATED ... $ 434.00
   B. Registration/Transfer/Titling Fees ... $ 63.00
   C. California Tire Fees* ... $ 8.75
   D. Other N/A ... $ N/A
   E. Other N/A ... $ N/A
   Total Official Fees (A through E) ... $ 505.75

3. Amount Paid to Insurance Companies
   (Total premiums from Statement of Insurance column e + b)* ... $ N/A

4. Smog Certification or Exemption Fee Paid to State ... $ N/A

5. Subtotal (1 through 4) ... $ 75523.61

6. Total Downpayment*
   A. Agreed Trade-In Value Yr ___ Make ___ Model ___ Odom ___ ... $ N/A
      VIN ___
   B. Less Prior Credit or Lease Balance ... $ N/A
   C. Net Trade-In (A less B) (indicate if a negative number) ... $ N/A
   D. Deferred Downpayment ... $ N/A
   E. Manufacturer's Rebate ... $ N/A
   F. Other N/A ... $ N/A
   G. Cash ... $ 20000.00
   Total Downpayment (C through G) ... $ 20000.00
   (If negative, enter zero on line 6 and enter the amount less this sum as a positive number on line 1L above)

7. Amount Financed (5 less 6) ... $ 55523.61

*Seller may keep part of these amounts.

**AUTO BROKER FEE DISCLOSURE**
If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:
[ ] Name of autobroker receiving fee, if applicable:
N/A

### STATEMENT OF INSURANCE

NOTICE. No insurance is required as a condition of financing the purchase of a motor vehicle to purchase a negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

**Vehicle Insurance**
| | Term | Premium |
|---|---|---|
| $ N/A Std Comp, Fire & Theft | Mos $ | N/A |
| $ N/A Std Collision | Mos $ | N/A |
| Bodily Injury $ N/A limits | Mos $ | N/A |
| Property Damage $ N/A limits | Mos $ | N/A |
| Medical N/A | Mos $ | N/A |
| N/A | Mos $ | N/A |
| Total Vehicle Insurance Premiums | $ | N/A |

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

**Application for Optional Credit Insurance**
[ ] Credit Life [ ] Buyer [ ] Co-Buyer [ ] Both
[ ] Credit Disability (Buyer Only)

| | Term | Exp. | Premium |
|---|---|---|---|
| Credit Life | N/A | | $ N/A |
| Credit Disability | N/A | | $ N/A |
| Total Credit Insurance Premiums | | | $ N/A |

Insurance Company Name N/A
Home Office Address N/A

OPTIONAL GAP CONTRACT. A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 1M. See your gap contract for details on the protection it provides.
Term ___ N/A ___ Mos
Name of Gap Contract
You want to buy a gap contract
Buyer X ___

OPTIONAL SERVICE CONTRACT(S). You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in item 1J and/or 1K above:

I/J Company GMPP
Term 72 Mos or 60000 Miles
1K Company N/A
Term N/A Mos or N/A Miles
Buyer X ___

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.

Buyer Signs X ___
Co-Buyer Signs X ___

**The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.**

THERE IS NO COOLING OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION. California law does not provide for a "cooling off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a 2-day contract cancellation option on used vehicles with a purchase price of less than $40,000, subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a motorcycle or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

YOU AGREED TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU ACKNOWLEDGE THAT YOU HAVE READ BOTH SIDES OF THIS CONTRACT, INCLUDING THE ARBITRATION CLAUSE ON THE REVERSE SIDE, BEFORE SIGNING BELOW. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT.

Buyer Signature X ___ Date 08/09/06 Co-Buyer Signature X ___ Date ___

Seller TEAM CHEVROLET ... Date 08/09/06 By X ___ Title MANAGER

**Exhibit A**

ORIGINAL LIENHOLDER

OTHER IMPORTANT AGREEMENTS

1. FINANCE CHARGE AND PAYMENTS

2. YOUR OTHER PROMISES TO US

3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES

4. WARRANTIES SELLER DISCLAIMS

5. Used Car Buyers Guide.

6. Applicable Law

7. Warranties of Buyer.

CREDIT DISABILITY INSURANCE NOTICE
CLAIM PROCEDURE

Seller's Right to Cancel

ARBITRATION CLAUSE
PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

**Exhibit A**

SECTIONS A-J MUST BE COMPLETED IN FULL PRINT IN CAPITAL LETTERS – USE BLACK OR BLUE INK

**NOTICE OF TRANSFER AND
RELEASE OF LIABILITY**

MAIL THIS FORM TO DMV

A NEW OWNER S LAST NAME (OR) COMPANY NAME                    FIRST

B NEW OWNER S ADDRESS                                        APT NUMBER    C ODOMETER READING (NO TENTHS)

D CITY                         STATE    ZIP CODE             E DATE OF SALE OR LEASE RETURN
                                                             MO    DAY    YR

F SELLER S OR LESSEE S LAST NAME (OR) COMPANY NAME           FIRST         G SELLING PRICE (NO CENTS)
                                                                          WHOLE
                                                                          DOLLARS

H SELLER S OR LESSEE S ADDRESS                               APT NUMBER    I SELLER S OR LESSEE S SIGNATURE
                                                                          X

J CITY                         STATE    ZIP CODE

VEHICLE ID NUMBER                              YR MODEL   MAKE        PLATE NUMBER

1G1YY36U275102669                              2007    CHEV          5VMH349

REG 138A (REV 10/2004)

---

## STATE OF CALIFORNIA

### CERTIFICATE OF TITLE

REDACTED                                                     VEHICLE HISTORY

AUTOMOBILE

| | | | |
|---|---|---|---|
| VEHICLE ID NUMBER | YR MODEL | MAKE | PLATE NUMBER |
| 1G1YY36U275102669 | 2007 | CHEV | 5VMH349 |

BODY TYPE MODEL    AX  UNLADEN WEIGHT   FUEL   TRANSFER DATE    FEES PAID        REGISTRATION EXPIRATION DATE
CV                                      G                       $497            08/10/2007

YR 1ST SOLD    CLASS    YR         MO    EQUIPMT/TRUST NUMBER    ISSUE DATE
2006    SF              MW                                       09/03/06

MOTORCYCLE ENGINE NUMBER                ODOMETER DATE           ODOMETER READING
                                        08/09/2006              10 MI
                                        ACTUAL MILEAGE

REGISTERED OWNER(S)
BOONE DANTE A
9207 S VAIL WAY
INGLEWOOD CA 90305

I certify under penalty of perjury under the laws of the State of California, that **THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.**

1a. _____  X_____
      DATE          SIGNATURE OF REGISTERED OWNER

1b. _____  X_____
      DATE          SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership Failure to complete or providing a false statement may result in fines and/or imprisonment

The odometer now reads [ ___ __ __ , __ __ ] (no tenths), miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked.

WARNING    ☐ Odometer reading is not the actual mileage    ☐ Mileage exceeds the odometer mechanical limits

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATE    TRANSFEROR SELLER SIGNATURE          DATE    TRANSFEREE BUYER SIGNATURE
        X                                            X
PRINTED NAME OF AGENT SIGNING FOR A COMPANY          PRINTED NAME OF AGENT SIGNING FOR A COMPANY

**IMPORTANT READ CAREFULLY**
Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days

LIENHOLDER(S)

GMAC                                    2  X_____
PO BX 8129                                 Signature releases interest in vehicle (Company
COCKEYSVILLE                               names must be countersigned)
MD 21030                                   Release Date _____

                                           CA 97923311
                                           020890    REG 17 30R (REV,10/03)

**KEEP IN A SAFE PLACE - VOID IF ALTERED**

VOID WITHOUT BEAR WATERMARK. HOLD TO LIGHT TO VIEW.

**Exhibit B**

**REFINANCING AGREEMENT**

| | Original Contract No | Dated ___8/9/2006___ |
|---|---|---|
| Selling (Dealer) _TEAM PASADENA AUTOMOTIVE, INC_ | Refinancing Agreement No | Date ___3/25/2009___ |
| City _PASADENA_ | | State _CA_ |

| New or Used | Year | Description of Property | Identification Number |
|---|---|---|---|
| N | 2007 | CHEVCORVETTE | 1G1YY36U275102669 |

In this agreement the words you and your refer to the buyer and co-buyer, if any, signing this agreement  The words we and us refers to GMAC, the creditor in this agreement  This agreement covers the refinancing of your purchase of the property described above  You agree to pay us as shown in the payment schedule below

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate | FINANCE CHARGE The dollar amount the credit will cost you | Amount Financed The amount of credit provided to you or on your behalf | Total of Payments The amount you will have paid after you have made all payments as scheduled |
|---|---|---|---|
| 9.69 % | $ 8,376 27 | $ 35,187 69 | $ 43,563 96 |

**Statement of Insurance.**
This agreement requires physical damage insurance  You may buy this insurance from anyone you choose who is acceptable to us  You are not required to buy any other insurance to obtain credit

**NOTICE: No person is required, as a condition of financing the purchase of an automobile, to negotiate or purchase any insurance through a particular insurance company, agent, or broker.**

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due | Or as Follows |
|---|---|---|---|
| 54 | $806 74 | Monthly beginning  4/25/2009 | N/A |
| N/A | | | |

**Late Charge.**  If a payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late

**Prepayment.** If you pay off all your debt early, you will not have to pay a penalty

**Security Interest.** You are giving a security interest in the vehicle being purchased

**Additional Information:** See your original contract for more information, including information about nonpayment, default, any required repayment in full before the scheduled date, and security interest.

**Optional Credit Insurance.**

If you bought credit insurance in your original contract, the insurance will NOT be extended

Credit life insurance you bought in your original contract ends _____ N/A.

Credit disability insurance you bought in your original contract ends _____ N/A.

☐ If this box is checked, credit life insurance that you bought in your original contract has ended  This agreement provides no credit life insurance

☐ If this box is checked, credit disability insurance that you bought in your original contract has ended  This agreement provides no credit disability insurance

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

### ITEMIZATION OF THE AMOUNT FINANCED

| | | | |
|---|---|---|---|
| 1 | Existing obligation | | |
| A | Unpaid part of amount financed | $ | 35128 88 |
| B | Earned and unpaid finance charges | $ | 0 00 |
| C | Insurance charges not included in line 1A | $ | 0 00 |
| D | Other unpaid charges due (identify) _____ | | |
| | NA | $ | 0 00 |
| | Total Existing Obligation | $ | 35128 88  (1) |
| 2 | Amount of previously paid instalments restored to you | $ | 0 00  (2) |
| 3 | Other Charges | | |
| A | Amounts Paid to Public Officials (Identify) | | |
| | NA | $ | 0 00 |
| | Total Amounts Paid to Public Officials | $ | 0 00 |
| B | To  GMAC      For  LATE CHARGE | $ | 58 81 |
| | Total Other Charges | $ | 58 81  (3) |
| 4 | Amount financed (1+2+3) | $ | 35187 69  (4) |

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
WARNING: YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

| s/sX _____ | DANTE BOONE | X | NA |
|---|---|---|---|
| Buyer Signs | | Co-Buyer Signs | |

You understand that except as changed by this agreement, all terms of your original contract (except these) remain in effect.
See below for names and addresses of the persons to whom any notice is to be sent as required under California Civil Code Section 2983.2, Rees-Levering Motor Vehicle Sales and Finance Act, and permitted under Sections 2983.5 and 2984 of that Act.

**Notice to Buyer: (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled-in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.**

**You agree to the terms of this agreement. You confirm that before you signed this agreement, we gave it to you, and you were free to take it and review it. You confirm that you received a completely filled-in copy when you signed it.**

| Buyer Signs  X _____ | DANTE BOONE  Date 3/25/09 | 9207 S VAIL WAY INGLEWOOD, CA 90305 |
|---|---|---|
| | | Address |
| Co-Buyer Signs  X | NA  Date | NA |
| | | Address |
| Creditor By  X _____ | Date _4/7_ | P O  Box 33115 Knoxville TN 37930 |
| | | Address |

Z196 FR CA 10/2008 (For use in the State of California)
Copyright 2008 GMAC  All Rights Reserved

**Exhibit C**

Dante Boone
REDACTED-72536

- 2 -

May 28, 2015

Payment History

| Date Paid | Principal Paid | Finance Charge Paid | Late Charge Paid | Other Paid | Total Paid |
|---|---|---|---|---|---|
| 08/31/11 | $571.69 | $235.31 | | | $807.00 |
| 07/21/11 | $635.67 | $171.33 | | | $807.00 |
| 06/22/11 | $635.84 | $170.16 | | | $806.00 |
| 05/25/11 | $631.15 | $174.85 | | | $806.00 |
| 04/27/11 | $537.72 | $268.28 | | | $806.00 |
| 03/16/11 | $544.70 | $261.30 | | | $806.00 |
| 02/04/11 | $538.13 | $287.05 | | | $825.18 |
| 12/23/10 | $573.85 | $232.15 | | | $806.00 |
| 11/19/10 | $742.78 | $63.22 | | | $806.00 |
| 11/10/10 | $605.97 | $194.03 | | | $800.00 |
| 10/14/10 | $388.49 | $415.51 | | | $804.00 |
| 08/18/10 | $587.08 | $215.92 | | | $803.00 |
| 07/20/10 | $696.17 | $106.83 | | | $803.00 |
| 07/06/10 | $557.20 | $653.42 | | | $1,210.62 |
| 04/13/10 | $588.75 | $214.25 | | | $803.00 |
| 03/17/10 | $693.33 | $113.67 | | | $807.00 |
| 03/03/10 | $449.72 | $354.28 | | | $804.00 |
| 01/19/10 | $622.11 | $184.89 | | | $807.00 |
| 12/28/09 | $542.00 | $265.00 | | | $807.00 |
| 11/27/09 | $277.67 | $129.33 | | | $407.00 |
| 11/12/09 | $373.84 | $26.16 | | | $400.00 |
| 11/09/09 | $100.81 | $306.19 | | | $407.00 |
| 10/05/09 | $496.20 | $310.80 | | | $807.00 |
| 08/31/09 | $292.51 | $107.49 | | | $400.00 |
| 08/19/09 | $146.10 | $260.90 | | | $407.00 |
| 07/21/09 | $424.40 | $382.60 | | | $807.00 |
| 06/09/09 | $419.72 | $387.28 | | | $807.00 |
| 04/28/09 | $489.07 | $317.93 | | | $807.00 |
| | | | | | |
| 03/16/09 | | $587.00 | | | $587.00 |
| 01/02/09 | $97.29 | $492.37 | $116.08 | | $705.74 |
| 11/10/08 | $881.03 | $295.20 | $0.77 | | $1,177.00 |
| 10/10/08 | $864.18 | $255.64 | $57.18 | | $1,177.00 |
| 10/07/08 | | $56.41 | | | $56.41 |
| 09/08/08 | $796.10 | $378.58 | $2.32 | | $1,177.00 |
| 08/01/08 | $850.98 | $326.02 | | | $1,177.00 |
| 06/30/08 | $885.16 | $291.84 | | | $1,177.00 |
| 06/02/08 | $824.83 | $351.17 | | | $1,176.00 |
| 04/30/08 | $817.68 | $358.32 | | | $1,176.00 |
| 03/28/08 | $865.55 | $310.45 | | | $1,176.00 |
| 02/29/08 | $836.72 | $339.28 | | | $1,176.00 |
| 01/30/08 | $796.74 | $380.26 | | | $1,177.00 |
| 12/28/07 | $799.53 | $376.47 | | | $1,176.00 |
| 11/26/07 | $840.34 | $335.66 | | | $1,176.00 |
| 10/29/07 | $797.80 | $378.20 | | | $1,176.00 |
| 09/28/07 | $825.26 | $347.74 | | | $1,173.00 |
| 08/31/07 | $700.99 | $479.01 | | | $1,180.00 |
| 07/24/07 | $816.97 | $359.03 | | | $1,176.00 |
| 06/26/07 | $840.80 | $339.20 | | | $1,180.00 |
| 05/31/07 | $775.44 | $397.56 | | | $1,173.00 |
| 05/01/07 | $742.23 | $430.38 | | | $1,172.61 |
| 03/30/07 | $835.22 | $341.78 | | | $1,177.00 |
| 03/05/07 | $571.48 | $428.52 | | | $1,000.00 |

**Exhibit D**

Dante Boone
REDACTED-72536

- 3 -

May 28, 2015

| Date Paid | Principal Paid | Finance Charge Paid | Late Charge Paid | Other Paid | Total Paid |
|-----------|----------------|---------------------|------------------|------------|------------|
| 02/02/07 | $497.60 | $502.40 | | | $1,000.00 |
| 12/28/06 | $1,089.41 | $86.59 | | | $1,176.00 |
| 12/27/06 | | $355.00 | | | $355.00 |
| 11/27/06 | $800.10 | $375.90 | | | $1,176.00 |
| 11/01/06 | $563.49 | $613.51 | | | $1,177.00 |
| 09/20/06 | $556.51 | $619.72 | | | $1,176.23 |

**Exhibit D**

**CLOSED**

# U.S. Bankruptcy Court
## Central District Of California (Los Angeles)
### Bankruptcy Petition #: 2:12-bk-29002-NB

*Date filed:* 05/30/2012
*Date terminated:* 09/16/2013
*Debtor dismissed:* 07/12/2013
*341 meeting:* 07/06/2012

*Assigned to:* Neil W. Bason
Chapter 13
Voluntary
Asset

*Debtor disposition:* Dismissed for Other Reason

| | |
|---|---|
| ***Debtor***<br>**Dante A. Boone**<br>9207 S. Vail Way<br>Inglewood, CA 90305<br>LOS ANGELES-CA<br>SSN / ITIN: xxx-xx-0576 | represented by **Gene W Choe - INACTIVE -**<br><br>3250 Wilshire Blvd Ste 1200<br>Los Angeles, CA 90010<br>213-639-3888<br>Fax : 213-383-8280<br>Email: maria@choicelaw.org<br>*TERMINATED: 09/12/2012*<br><br>**Joy M Johnson**<br>The Law Offices of Johnson Omotosho, LLP<br>8616 La Tijera Blvd #502<br>Los Angeles, CA 90045<br>323-903-7073<br>Fax : 310-967-7073<br>Email: Joyness00@gmail.com |

***Trustee***
**Kathy A Dockery (TR)**
700 S. Flower Street, Suite 1950
Los Angeles, CA 90017
(213) 996-4400

***U.S. Trustee***
**United States Trustee (LA)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

| Filing Date | # | Docket Text |
|---|---|---|
| | 1 | Chapter 13 Voluntary Petition . Fee Amount $281 |

**Exhibit E**

| | | |
|---|---|---|
| 05/30/2012 | (48 pgs) | Filed by Dante A. Boone (Choe, Gene) (Entered: 05/30/2012) |
| 05/30/2012 | 2 (8 pgs) | Chapter 13 Plan Filed by Debtor Dante A. Boone. (Choe, Gene) (Entered: 05/30/2012) |
| 05/30/2012 | 3 (1 pg) | Declaration Re: Electronic Filing Filed by Debtor Dante A. Boone. (Choe, Gene) (Entered: 05/30/2012) |
| 05/30/2012 | 4 (5 pgs) | Rights and responsibilities agreement between chapter 13 debtors and their attorneys Filed by Debtor Dante A. Boone. (Choe, Gene) (Entered: 05/30/2012) |
| 05/30/2012 | 5 (1 pg) | Certificate of Credit Counseling Filed by Debtor Dante A. Boone. (Choe, Gene) (Entered: 05/30/2012) |
| 05/30/2012 | 6 | Statement of Social Security Number(s) Form B21 Filed by Debtor Dante A. Boone. (Choe, Gene) (Entered: 05/30/2012) |
| 05/30/2012 | | Receipt of Voluntary Petition (Chapter 13)(2:12-bk-29002) [misc,volp13] ( 281.00) Filing Fee. Receipt number 27395738. Fee amount 281.00. (U.S. Treasury) (Entered: 05/30/2012) |
| 05/30/2012 | 7 (2 pgs) | Meeting of Creditors with 341(a) meeting to be held on 07/06/2012 at 01:00 PM at RM 103, 725 S Figueroa St, Los Angeles, CA 90017. Confirmation hearing to be held on 08/02/2012 at 10:00 AM at Crtrm 1545, 255 E Temple St., Los Angeles, CA 90012. Proof of Claim due by 10/04/2012. (Choe, Gene) (Entered: 05/30/2012) |
| 06/02/2012 | 8 (4 pgs) | BNC Certificate of Notice (RE: related document(s) 7 Meeting (AutoAssign Chapter 13)) No. of Notices: 10. Notice Date 06/02/2012. (Admin.) (Entered: 06/02/2012) |
| 06/09/2012 | 9 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Singh, Ramesh. (Singh, Ramesh) (Entered: 06/09/2012) |
| 06/25/2012 | 10 (4 pgs) | Notice of Hearing Filed by. (Dockery (TR), Kathy) (Entered: 06/25/2012) |

**Exhibit E**

| | | |
|---|---|---|
| 06/28/2012 | 11<br>(2 pgs) | Request for special notice Filed by Creditor WELLS FARGO BANK, N.A.. (Lozano, Joe) (Entered: 06/28/2012) |
| 07/13/2012 | 12<br>(8 pgs) | Objection to Confirmation of Plan Filed by Creditor MetLife Home Loans a division of MetLife Bank N.A., its assignees and/or successors (RE: related document(s)2 Chapter 13 Plan Filed by Debtor Dante A. Boone.). (Loftus, Terry) (Entered: 07/13/2012) |
| 07/13/2012 | 13<br>(3 pgs) | Request for special notice Filed by Creditor MetLife Home Loans a division of MetLife Bank N.A., its assignees and/or successors. (Loftus, Terry) (Entered: 07/13/2012) |
| 07/17/2012 | 14<br>(2 pgs; 2 docs) | Transfer of Claim(s) Transferor: FIA CARD SERVICES, N.A. (Claim No.5); To FIA Card Services, N.A. as successor in Filed by Becket 2,Alane. (Becket 2,Alane) (Entered: 07/17/2012) |
| 07/19/2012 | 15<br>(3 pgs) | BNC Certificate of Notice - Transfer of Claim (RE: related document(s)14 Transfer of Claim) No. of Notices: 1. Notice Date 07/19/2012. (Admin.) (Entered: 07/19/2012) |
| 07/30/2012 | 16<br>(17 pgs) | Declaration Re: Electronic Filing *Amendments*, Summary of Schedules *Amended*, Statistical Summary of Certain Liabilities, Amended Schedule A *Amended*, Amended Schedule B *Amended*, Amended Schedule C *Amended*, Schedule D *Amended*, Schedule E *Amended*, Schedule F *Amended*, Amended Schedule I *Amended*, Amended Schedule J *Amended*, Amending Schedules (D) (E) (F) *Amended* Filed by Debtor Dante A. Boone. (Choe, Gene) WARNING: Item subsequently amended by docket entry #19. Modified on 7/31/2012 (Moulton, Sheila). (Entered: 07/30/2012) |
| 07/30/2012 | 17<br>(9 pgs) | Amended Chapter 13 Plan Filed by Debtor Dante A. Boone (RE: related document(s)2 Chapter 13 Plan Filed by Debtor Dante A. Boone.). (Choe, Gene) (Entered: 07/30/2012) |
| | 18<br>(13 pgs) | Declaration Re: Electronic Filing *341-A Notice with attached first amended plan*, Debtor's notice of section 341(a) meeting and hearing on confirmation of chapter 13 plan with copy of chapter 13 plan |

**Exhibit E**

| | | |
|---|---|---|
| 07/30/2012 | | Filed by Debtor Dante A. Boone. (Choe, Gene) (Entered: 07/30/2012) |
| 07/31/2012 | 19 | Notice to Filer of Error and/or Deficient Document: Schedule E, Schedule F have additional creditors which were not originally added to the case when the case was filed. $30.00 FILING FEE. OTHER: THE FILER IS INSTRUCTED TO FILE AN AMENDED credito r matrix and include only new additional creditors. For event code go to Bankruptcy Events: BK - Other > Amended Creditor Matrix (Fee).(RE: related document(s)16 Declaration Re: Electronic Filing filed by Debtor Dante A. Boone, Summary of Schedules, Statistical Summary of Certain Liabilities, Schedule A - Real Property, Schedule B - Personal Property, Schedule C, Schedule D - Creditors Holding Secured Claims, Schedule E - Creditors Holding Unsecured Priority Claims, Schedule F - Creditors Holding Unsecured Nonpriority Claims, Schedule I - Average Income, Schedule J - Current Expenditures, Amending Schedules D E or F) (Moulton, Sheila) (Entered: 07/31/2012) |
| 08/01/2012 | | Receipt of Amending Schedules D E or F(2:12-bk-29002-NB) [misc,amdsch] ( 30.00) Filing Fee. Receipt number 28493962. Fee amount 30.00. (U.S. Treasury) (Entered: 08/01/2012) |
| 08/01/2012 | 20 (12 pgs) | Notice *OF SECTION 341(a) MEETING AND HEARING ON CONFIRMATION OF CHAPTER 13 PLAN WITH COPY OF CHAPTER 13 PLAN* Filed by Debtor Dante A. Boone. (Choe, Gene) CORRECTION: Incorrect event code, please see entry #22. Modified on 8/14/2012 (Moulton, Sheila). (Entered: 08/01/2012) |
| 08/02/2012 | 21 (12 pgs) | Debtor's notice of section 341(a) meeting and hearing on confirmation of chapter 13 plan with copy of chapter 13 plan *Renoticing with changed time of confirmation hearing* Filed by Debtor Dante A. Boone. (Choe, Gene) (Entered: 08/02/2012) |
| 08/08/2012 | 22 (1 pg) | Notice of Hearing Filed by. (Dockery (TR), Kathy) (Entered: 08/08/2012) |
| | 23 (17 pgs; 5 docs) | Notice of motion and motion for relief from the automatic stay with supporting declarations |

| | | |
|---|---|---|
| 08/22/2012 | | PERSONAL PROPERTY RE: 2007 Chevrolet Corvette (vin: 1G1YY36U275102669) *with Certificate of Service*. Fee Amount $176, Filed by Creditor Ally Financial, Inc., fka GMAC, Inc. (Attachments: # 1 Exhibit A - Certificate of Title# 2 Exhibit B - Contract# 3 Exhibit C - GMAC, Inc., Certificate of Amendment of Amended and Restated Certificate of Incorporation# 4 Exhibit D - Account Payment History) (Kornberg, Bernard) (Entered: 08/22/2012) |
| 08/22/2012 | | Receipt of Motion for Relief from Stay - Personal Property(2:12-bk-29002-NB) [motion,nmpp] ( 176.00) Filing Fee. Receipt number 28839292. Fee amount 176.00. (U.S. Treasury) (Entered: 08/22/2012) |
| 08/22/2012 | 24 | Hearing Set (RE: related document(s)23 Motion for Relief from Stay - Personal Property filed by Creditor Ally Financial, Inc., fka GMAC, Inc.) The Hearing date is set for 9/25/2012 at 10:00 AM at Crtrm 1545, 255 E Temple St., Los Angeles, CA 90012. The case judge is Neil W. Bason (Ghaltchi, Dina) (Entered: 08/22/2012) |
| 08/29/2012 | 25 (3 pgs) | Objection to Confirmation of Plan *with Proof of Service* Filed by Creditor WELLS FARGO BANK, N.A. (RE: related document(s)17 Amended Chapter 13 Plan Filed by Debtor Dante A. Boone). (Estle, Mark) (Entered: 08/29/2012) |
| 09/12/2012 | 26 (7 pgs; 3 docs) | Declaration Setting Forth Postpetition, Preconfirmation Payments On: 1. Deeds of Trust (or Mortgages), 2. Leases of Personal Property; 3. Purchase Money Security Liens on Personal Property Filed by Debtor Dante A. Boone. (Attachments: # 1 Exhibit Electronic Filing Declaration# 2 Exhibit Exhibit A) (Choe, Gene) (Entered: 09/12/2012) |
| 09/12/2012 | 27 (10 pgs) | Amended Chapter 13 Plan Filed by Debtor Dante A. Boone (RE: related document(s)2 Chapter 13 Plan Filed by Debtor Dante A. Boone., 17 Amended Chapter 13 Plan Filed by Debtor Dante A. Boone). (Choe, Gene) (Entered: 09/12/2012) |
| | 28 (13 pgs) | Debtor's notice of section 341(a) meeting and hearing on confirmation of chapter 13 plan with |

**Exhibit E**

| | | |
|---|---|---|
| 09/12/2012 | | copy of chapter 13 plan Filed by Debtor Dante A. Boone. (Choe, Gene) (Entered: 09/12/2012) |
| 09/12/2012 | 29 (11 pgs; 2 docs) | Amended Chapter 13 Plan Filed by Debtor Dante A. Boone (RE: related document(s)2 Chapter 13 Plan Filed by Debtor Dante A. Boone., 17 Amended Chapter 13 Plan Filed by Debtor Dante A. Boone, 27 Amended Chapter 13 Plan Filed by Debtor Dante A. Boone). (Attachments: # 1 Exhibit Electronic Filing Declaration)(Choe, Gene) (Entered: 09/12/2012) |
| 09/12/2012 | 30 (7 pgs; 2 docs) | Amended Schedule J Filed by Debtor Dante A. Boone. (Attachments: # 1 Exhibit Electronic filing declaration) (Choe, Gene) (Entered: 09/12/2012) |
| 09/12/2012 | 31 (13 pgs) | Debtor's notice of section 341(a) meeting and hearing on confirmation of chapter 13 plan with copy of chapter 13 plan Filed by Debtor Dante A. Boone. (Choe, Gene) (Entered: 09/12/2012) |
| 09/12/2012 | 32 (4 pgs) | Substitution of attorney Filed by Debtor Dante A. Boone. (Choe, Gene) (Entered: 09/12/2012) |
| 09/13/2012 | 33 (8 pgs; 2 docs) | Declaration Setting Forth Postpetition, Preconfirmation Payments On: 1. Deeds of Trust (or Mortgages), 2. Leases of Personal Property; 3. Purchase Money Security Liens on Personal Property Filed by Debtor Dante A. Boone. (Attachments: # 1 Exhibit Exhibit A) (Johnson, Joy) (Entered: 09/13/2012) |
| 09/19/2012 | 34 (1 pg) | Notice of Hearing Filed by. (Dockery (TR), Kathy) (Entered: 09/19/2012) |
| 09/27/2012 | 35 (4 pgs) | Order Granting Motion for relief from the automatic stay PERSONAL PROPERTY (BNC-PDF) (Related Doc # 23 ) Signed on 9/27/2012 (Vandensteen, Nancy) (Entered: 09/27/2012) |
| 09/29/2012 | 36 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)35 Motion for relief from the automatic stay PERSONAL PROPERTY (BNC-PDF)) No. of Notices: 3. Notice Date 09/29/2012. (Admin.) (Entered: 09/29/2012) |
| | 37 | Notice of motion and motion for relief from the |

**Exhibit E**

| | | |
|---|---|---|
| 10/01/2012 | (45 pgs; 2 docs) | automatic stay with supporting declarations REAL PROPERTY RE: 9207 South Vail Way Inglewood, CA 90305 . Fee Amount $176, Filed by Creditor MetLife Home Loans a division of MetLife Bank N.A., its assignees and/or successors (Attachments: # 1 Exhibit) (Loftus, Terry) (Entered: 10/01/2012) |
| 10/01/2012 | | Receipt of Motion for Relief from Stay - Real Property(2:12-bk-29002-NB) [motion,nmrp] ( 176.00) Filing Fee. Receipt number 29491520. Fee amount 176.00. (U.S. Treasury) (Entered: 10/01/2012) |
| 10/02/2012 | 38 | Hearing Set (RE: related document(s)37 Motion for Relief from Stay - Real Property filed by Creditor MetLife Home Loans a division of MetLife Bank N.A., its assignees and/or successors) The Hearing date is set for 10/23/2012 at 10:00 AM at Crtrm 1545, 255 E Temple St., Los Angeles, CA 90012. The case judge is Neil W. Bason (Sumlin, Sharon E.) (Entered: 10/02/2012) |
| 10/08/2012 | 39 (7 pgs) | Response to motion for order to terminate, annul, modify or condition the automatic stay and declaration(s) in support (related document(s): 37 Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 9207 South Vail Way Inglewood, CA 90305 . Fee Amount $176, filed by Creditor MetLife Home Loans a division of MetLife Bank N.A., its assignees and/or successors) Filed by Debtor Dante A. Boone (Johnson, Joy) (Entered: 10/08/2012) |
| 10/09/2012 | 40 (4 pgs) | Errata Filed by Debtor Dante A. Boone (RE: related document(s)39 Response to motion for order to terminate, annul, modify or condition the automatic stay and declaration(s) in support). (Johnson, Joy) (Entered: 10/09/2012) |
| 10/12/2012 | 41 (10 pgs) | Amended Chapter 13 Plan Filed by Debtor Dante A. Boone (RE: related document(s)2 Chapter 13 Plan Filed by Debtor Dante A. Boone., 17 Amended Chapter 13 Plan Filed by Debtor Dante A. Boone, 27 Amended Chapter 13 Plan Filed by Debtor Dante A. Boone, 29 Amended Chapter 13 Plan Filed by Debtor Dante A. Boone). (Johnson, Joy) (Entered: 10/12/2012) |

**Exhibit E**

| | | |
|---|---|---|
| 10/12/2012 | 42<br>(13 pgs) | Debtor's notice of section 341(a) meeting and hearing on confirmation of chapter 13 plan with copy of chapter 13 plan Filed by Debtor Dante A. Boone. (Johnson, Joy) (Entered: 10/12/2012) |
| 10/15/2012 | 43<br>(1 pg) | Declaration Re: Electronic Filing Filed by Debtor Dante A. Boone. (Johnson, Joy) (Entered: 10/15/2012) |
| 10/18/2012 | 44<br>(2 pgs) | Withdrawal re: *Notice of Withdrawal of Objection to Confirmation of Chapter 13 Plan, with Proof of Service* Filed by Creditor WELLS FARGO BANK, N.A. (RE: related document(s)25 Objection to Confirmation of the Plan). (Estle, Mark) (Entered: 10/18/2012) |
| 10/26/2012 | 45 | Hearing Held on 10/23/2012 at 10:00 a.m. - Motion GRANTED as stated in the tentative ruling. Order to be LODGED as stated in the tentative ruling. (RE: related document(s)37 Motion for Relief from Stay - Real Property filed by Creditor MetLife Home Loans a division of MetLife Bank N.A., its assignees and/or successors) (Francis, Dawnette) (Entered: 10/26/2012) |
| 11/05/2012 | 46<br>(7 pgs) | Order Granting Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF) (Related Doc # 37 ) Signed on 11/5/2012 (Vandensteen, Nancy) (Entered: 11/05/2012) |
| 11/07/2012 | 47<br>(9 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)46 Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF)) No. of Notices: 3. Notice Date 11/07/2012. (Admin.) (Entered: 11/07/2012) |
| 11/07/2012 | 48<br>(16 pgs) | Declaration Setting Forth Postpetition, Preconfirmation Payments On: 1. Deeds of Trust (or Mortgages), 2. Leases of Personal Property; 3. Purchase Money Security Liens on Personal Property Filed by Debtor Dante A. Boone. (Johnson, Joy) (Entered: 11/07/2012) |
| 11/13/2012 | 49<br>(1 pg) | Notice of Hearing Filed by. (Dockery (TR), Kathy) (Entered: 11/13/2012) |
| | 50<br>(2 pgs; 2 docs) | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: Portfolio Investments II LLC (Claim No. |

**Exhibit E**

| | | |
|---|---|---|
| 12/22/2012 | | 7) To Midland Funding LLC To Midland Funding LLCby American InfoSource LP as agentPO Box 4457Houston, TX 77210-4457 Filed by Creditor Midland Funding LLC by American InfoSource LP as agent. (Walls, Lovetta) (Entered: 12/22/2012) |
| 12/22/2012 | [51](#) (2 pgs; 2 docs) | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: Portfolio Investments I LLC (Claim No. 4) To Midland Funding LLC To Midland Funding LLCby American InfoSource LP as agentPO Box 4457Houston, TX 77210-4457 Filed by Creditor Midland Funding LLC by American InfoSource LP as agent. (Walls, Lovetta) (Entered: 12/22/2012) |
| 01/09/2013 | [52](#) (3 pgs) | BNC Certificate of Notice - Transfer of Claim (RE: related document(s)[50](#) Transfer of Claim filed by Creditor Midland Funding LLC by American InfoSource LP as agent) No. of Notices: 0. Notice Date 01/09/2013. (Admin.) (Entered: 01/09/2013) |
| 01/09/2013 | [53](#) (3 pgs) | BNC Certificate of Notice - Transfer of Claim (RE: related document(s)[51](#) Transfer of Claim filed by Creditor Midland Funding LLC by American InfoSource LP as agent) No. of Notices: 0. Notice Date 01/09/2013. (Admin.) (Entered: 01/09/2013) |
| 01/11/2013 | [54](#) (2 pgs; 2 docs) | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: Santander Consumer USA (Claim No. 1) To National Capital Management, LLC. To National Capital Management, LLC.8245 Tournament DriveSuite 230Memphis, TN 38125 Filed by Creditor National Capital Management, LLC. (Wall, Christopher) Warning: Incorrect address for creditor was selected. Item subsequently amended by docket entry no 55 Modified on 1/18/2013 (Collins, Kim S.). (Entered: 01/11/2013) |
| 01/18/2013 | 55 | Notice to Filer of Correction Made/No Action Required: Incorrect address for creditor was selected. Filer must select the address of creditor where notices should be sent. Other: The creditor for this particular claim has been updated to reflect the correct address of the creditor as it is listed on the pdf. **Other - THIS ENTRY IS PROVIDED FOR FUTURE REFERENCE.** (RE: related document(s) [54](#) Transfer of Claim filed by Creditor National Capital Management, LLC) (Collins, Kim S.) (Entered: 01/18/2013) |

**Exhibit E**

| | | |
|---|---|---|
| 01/20/2013 | 56<br>(3 pgs) | BNC Certificate of Notice - Transfer of Claim (RE: related document(s)54 Transfer of Claim filed by Creditor National Capital Management, LLC) No. of Notices: 1. Notice Date 01/20/2013. (Admin.) (Entered: 01/20/2013) |
| 01/31/2013 | 57<br>(12 pgs) | Amended Chapter 13 Plan *Fourth Amended* Filed by Debtor Dante A. Boone (RE: related document(s)2 Chapter 13 Plan Filed by Debtor Dante A. Boone., 17 Amended Chapter 13 Plan Filed by Debtor Dante A. Boone, 27 Amended Chapter 13 Plan Filed by Debtor Dante A. Boone, 29 Amended Chapter 13 Plan Filed by Debtor Dante A. Boone, 41 Amended Chapter 13 Plan Filed by Debtor Dante A. Boone). (Johnson, Joy) (Entered: 01/31/2013) |
| 01/31/2013 | 58<br>(16 pgs) | Debtor's notice of section 341(a) meeting and hearing on confirmation of chapter 13 plan with copy of chapter 13 plan *Fourth Amended Plan and Proof of Service* Filed by Debtor Dante A. Boone. (Johnson, Joy) (Entered: 01/31/2013) |
| 02/26/2013 | 59<br>(11 pgs) | Amended Chapter 13 Plan *Fifth Amended* Filed by Debtor Dante A. Boone (RE: related document(s)57 Amended Chapter 13 Plan *Fourth Amended* Filed by Debtor Dante A. Boone). (Johnson, Joy) (Entered: 02/26/2013) |
| 02/26/2013 | 60<br>(14 pgs) | Debtor's notice of section 341(a) meeting and hearing on confirmation of chapter 13 plan with copy of chapter 13 plan Filed by Debtor Dante A. Boone. (Johnson, Joy) (Entered: 02/26/2013) |
| 02/26/2013 | 61<br>(1 pg) | Declaration Re: Electronic Filing Filed by Debtor Dante A. Boone. (Johnson, Joy) (Entered: 02/26/2013) |
| 02/27/2013 | 62<br>(6 pgs) | Declaration re: *Mortgage Payments with Wells Fargo* Filed by Debtor Dante A. Boone. (Johnson, Joy) (Entered: 02/27/2013) |
| 02/28/2013 | 63<br>(15 pgs) | Motion RE: Objection to Claim Number 12 by Claimant Wells Fargo Bank, N.A.. *with proof of service* Filed by Debtor Dante A. Boone (Johnson, Joy) (Entered: 02/28/2013) |
| | 64<br>(16 pgs) | Motion RE: Objection to Claim Number 12 by Claimant Wells Fargo Bank, N.A.. *Amended* Filed |

**Exhibit E**

| | | |
|---|---|---|
| 03/04/2013 | | by Debtor Dante A. Boone (Johnson, Joy) (Entered: 03/04/2013) |
| 03/04/2013 | 65 (2 pgs) | Notice *of Objection with Proof of Service* Filed by Debtor Dante A. Boone (RE: related document(s)64 Motion RE: Objection to Claim Number 12 by Claimant Wells Fargo Bank, N.A.. *Amended* Filed by Debtor Dante A. Boone). (Johnson, Joy) (Entered: 03/04/2013) |
| 03/04/2013 | 66 | Hearing Set (RE: related document(s)64 Motion RE: Objection to Claim filed by Debtor Dante A. Boone) The Hearing date is set for 4/25/2013 at 02:00 PM at Crtrm 1545, 255 E Temple St., Los Angeles, CA 90012. The case judge is Neil W. Bason (Walter, Earnestine) (Entered: 03/04/2013) |
| 03/05/2013 | 67 (1 pg) | Notice of Hearing Filed by. (Dockery (TR), Kathy) (Entered: 03/05/2013) |
| 03/05/2013 | 68 | Hearing Set (RE: related document(s)63 Motion RE: Objection to Claim filed by Debtor Dante A. Boone) The Hearing date is set for 3/28/2013 at 02:00 PM at Crtrm 1545, 255 E Temple St., Los Angeles, CA 90012. The case judge is Neil W. Bason (Sumlin, Sharon E.) (Entered: 03/05/2013) |
| 03/13/2013 | 69 (3 pgs) | Notice *of Withdrawal of Objection* Filed by Debtor Dante A. Boone (RE: related document(s)63 Motion RE: Objection to Claim Number 12 by Claimant Wells Fargo Bank, N.A.. *with proof of service* Filed by Debtor Dante A. Boone). (Johnson, Joy) (Entered: 03/13/2013) |
| 04/01/2013 | 70 (1 pg) | Amending Schedules (D) Filed by Debtor Dante A. Boone. (Johnson, Joy)WARNING: Item subsequently amended by docket entry no. 74 . Modified on 4/2/2013 (Goins, Terry). (Entered: 04/01/2013) |
| 04/01/2013 | 71 (7 pgs) | Amended Schedule A , Amended Schedule J Filed by Debtor Dante A. Boone. (Johnson, Joy) (Entered: 04/01/2013) |
| 04/01/2013 | 72 (2 pgs) | Declaration RE Filing of Tax Returns and Payment of Domestic Support Obligations (Preconfirmation) Filed by Debtor Dante A. Boone. (Johnson, Joy) (Entered: 04/01/2013) |

**Exhibit E**

| | | |
|---|---|---|
| 04/01/2013 | 73<br>(1 pg) | Declaration Re: Electronic Filing *Tax/DSO/Amendments* Filed by Debtor Dante A. Boone. (Johnson, Joy) (Entered: 04/01/2013) |
| 04/02/2013 | 74 | Notice to Filer of Error and/or Deficient Document **Other -Filing Fees Required due to additional creditors. When filing, Go to Bankruptcy>Bk-Other>Amended Creditor Matrix (Fee) Or Amendment-Amending Schedules D,E,F For Chapter 7,11,&13 (Fee)</ Additional Creditors not Added. (The 30.00 Fee Not Paid.)** (RE: related document(s)70 Amending Schedules D E or F filed by Debtor Dante A. Boone) (Goins, Terry) (Entered: 04/02/2013) |
| 04/02/2013 | | Receipt of Amending Schedules D E or F(2:12-bk-29002-NB) [misc,amdsch] ( 30.00) Filing Fee. Receipt number 32342596. Fee amount 30.00. (U.S. Treasury) (Entered: 04/02/2013) |
| 04/05/2013 | 75<br>(4 pgs) | Withdrawal re: *Objection* Filed by Creditor MetLife Home Loans a division of MetLife Bank N.A., its assignees and/or successors (RE: related document (s)12 Objection to Confirmation of the Plan). (Jafarnia, Mehrdaud) (Entered: 04/05/2013) |
| 04/11/2013 | 76<br>(3 pgs) | Opposition to (related document(s): 64 Motion RE: Objection to Claim Number 12 by Claimant Wells Fargo Bank, N.A.. *Amended* filed by Debtor Dante A. Boone) *with Proof of Service* Filed by Creditor WELLS FARGO BANK, N.A. (Estle, Mark) (Entered: 04/11/2013) |
| 04/12/2013 | 77<br>(1 pg) | Notice of Hearing Filed by. (Dockery (TR), Kathy) (Entered: 04/12/2013) |
| 05/01/2013 | 78 | Hearing Held on 4/25/2013 at 2:00 p.m. - Motion DENIED as stated in the tentative ruling. Order to be LODGED as stated in the tentative ruling. (RE: related document(s)64 Motion RE: Objection to Claim filed by Debtor Dante A. Boone) (Francis, Dawnette) (Entered: 05/01/2013) |
| | 79<br>(4 pgs) | Notice of lodgment *Objection to Proof of Claim* Filed by Debtor Dante A. Boone (RE: related document(s)64 Motion RE: Objection to Claim Number 12 by Claimant Wells Fargo Bank, N.A.. *Amended*, 78 Hearing Held (Bk Motion)). (Johnson, |

**Exhibit E**

| 05/01/2013 | | Joy) (Entered: 05/01/2013) |
|---|---|---|
| 05/07/2013 | [80](#) (2 pgs) | Order Denying Motion RE: Objection to Claim (BNC-PDF) (Related Doc # [64](#) ) Signed on 5/7/2013 (Ghaltchi, Dina) (Entered: 05/07/2013) |
| 05/08/2013 | [81](#) (3 pgs) | Stipulation By WELLS FARGO BANK, N.A. and *debtor Dante A. Boone* Filed by Creditor WELLS FARGO BANK, N.A. (Estle, Mark) (Entered: 05/08/2013) |
| 05/08/2013 | [82](#) (4 pgs; 2 docs) | Notice of lodgment *of Order in Bankruptcy Case, with Proof of Service* Filed by Creditor WELLS FARGO BANK, N.A. (RE: related document(s)[81](#) Stipulation By WELLS FARGO BANK, N.A. and *debtor Dante A. Boone* Filed by Creditor WELLS FARGO BANK, N.A.). (Attachments: # [1](#) Exhibit) (Estle, Mark) (Entered: 05/08/2013) |
| 05/09/2013 | [83](#) (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[80](#) Order on Motion RE: Objection to Claim (BNC-PDF)) No. of Notices: 1. Notice Date 05/09/2013. (Admin.) (Entered: 05/09/2013) |
| 05/10/2013 | [84](#) (1 pg) | Notice of Hearing Filed by. (Dockery (TR), Kathy) (Entered: 05/10/2013) |
| 05/13/2013 | [85](#) (2 pgs) | Order Granting Stipulation re: Chapter 13 Plan Treatment (BNC-PDF) (Related Doc # [81](#) ) Signed on 5/13/2013 (Francis, Dawnette) (Entered: 05/13/2013) |
| 05/15/2013 | [86](#) (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[85](#) Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 05/15/2013. (Admin.) (Entered: 05/16/2013) |
| 07/03/2013 | [87](#) (13 pgs) | Chapter 13 Plan *sixth amended* Filed by Debtor Dante A. Boone. (Johnson, Joy) (Entered: 07/03/2013) |
| 07/03/2013 | [88](#) (16 pgs) | Debtor's notice of section 341(a) meeting and hearing on confirmation of chapter 13 plan with copy of chapter 13 plan *Sixth Amended* Filed by Debtor Dante A. Boone. (Johnson, Joy) (Entered: 07/03/2013) |

**Exhibit E**

| | | |
|---|---|---|
| 07/03/2013 | 89<br>(1 pg) | Declaration Re: Electronic Filing *Plan and Mandatory Notice* Filed by Debtor Dante A. Boone. (Johnson, Joy) (Entered: 07/03/2013) |
| 07/12/2013 | 90<br>(1 pg) | ORDER and Notice of dismissal arising from chapter 13 confirmation hearing - **Debtor** Dismissed. (BNC) (RE: related document(s)7 Meeting (AutoAssign Chapter 13)) (Vandensteen, Nancy) (Entered: 07/12/2013) |
| 07/14/2013 | 91<br>(4 pgs) | BNC Certificate of Notice (RE: related document(s) 90 ORDER and Notice of Dismissal arising from Ch 13 Conf. Hrg. (BNC)) No. of Notices: 14. Notice Date 07/14/2013. (Admin.) (Entered: 07/14/2013) |
| 07/19/2013 | 92<br>(5 pgs) | Rights and responsibilities agreement between chapter 13 debtors and their attorneys Filed by Debtor Dante A. Boone. (Johnson, Joy) (Entered: 07/19/2013) |
| 07/19/2013 | 93<br>(1 pg) | Disclosure of Compensation of Attorney for Debtor Filed by Debtor Dante A. Boone. (Johnson, Joy) (Entered: 07/19/2013) |
| 07/19/2013 | 94<br>(1 pg) | Declaration Re: Electronic Filing Filed by Debtor Dante A. Boone. (Johnson, Joy) (Entered: 07/19/2013) |
| 07/25/2013 | 95<br>(5 pgs) | Notice of Intent to File Trustees Final Report and Account - Chapter 13 Dismissed/Converted . (Dockery (TR), Kathy) (Entered: 07/25/2013) |
| 09/09/2013 | 96<br>(1 pg) | Declaration re: non-receipt of obj to trustee's final report (Dismissed/Converted Chapter 13 Cases) Filed by. (Dockery (TR), Kathy) (Entered: 09/09/2013) |
| 09/09/2013 | 97<br>(3 pgs) | Chapter 13 Trustee's Final Report and Account . (Dockery (TR), Kathy) (Entered: 09/09/2013) |
| 09/09/2013 | 98<br>(1 pg) | Proof of service Filed by (RE: related document(s)97 Chapter 13 Trustee's Final Report and Account (batch)). (Dockery (TR), Kathy) (Entered: 09/09/2013) |
| 09/16/2013 | 99<br>(1 pg) | ORDER discharging chapter 13 panel trustee and exonerate bond liability Signed on 9/16/2013. (Ghaltchi, Dina) (Entered: 09/16/2013) |

**Exhibit E**

| | | | |
|---|---|---|---|
| | | 100 | Bankruptcy Case Closed - DISMISSED. An Order dismissing this case was entered and notice was provided to parties in interest. Since it appears that no further matters are required and that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the Trustee is discharged, bond is exonerated, and the case is closed. (RE: related document(s)23 Motion for Relief from Stay - Personal Property filed by Creditor Ally Financial, Inc., fka GMAC, Inc., 63 Motion RE: Objection to Claim filed by Debtor Dante A. Boone) (Vandensteen, Nancy) (Entered: 09/16/2013) |
| 09/16/2013 | | | |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 07/07/2015 11:45:20 | | |
| **PACER Login:** | sw0061:2641741:0 | **Client Code:** | 0000.0000 |
| **Description:** | Docket Report | **Search Criteria:** | 2:12-bk-29002-NB Fil or Ent: filed To: 7/7/2015 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 8 | **Cost:** | 0.80 |

**Exhibit E**

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Gene W. Choe<br>Law Office of Gene W. Choe, P.C.<br>3699 Wilshire Blvd., Suite 720<br>Los Angeles, CA 90010<br>213-639-3888 Fax: 213-383-8280<br>187704<br>[x] Attorney for: Debtor | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re: | CASE NO.: 2:12-bk-29002-NB |
|---|---|
| Dante A. Boone | CHAPTER: 13 |
| Debtor(s). | ADV. NO.: |

## ELECTRONIC FILING DECLARATION
## (INDIVIDUAL)

### PART I - DECLARATION OF DEBTOR(S) OR OTHER PARTY

[ ] Petition, statement of affairs, schedules or lists      Date Filed: _____

[x] Amendments to the petition, statement of affairs, schedules or lists      Date Filed: 7/30/2012

[ ] Other: _____      Date Filed: _____

I (We), the undersigned Debtor(s) or other party on whose behalf the above-referenced document is being filed (Signing Party), hereby declare under penalty of perjury that: (1) I have read and understand the above-referenced document being filed electronically (Filed Document); (2) the information provided in the Filed Document is true, correct and complete; (3) the "/s/," followed by my name, on the signature line(s) for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature line(s); (4) I have actually signed a true and correct hard copy of the Filed Document in such places and provided the executed hard copy of the Filed Document to my attorney; and (5) I have authorized my attorney to file the electronic version of the Filed Document and this Declaration with the United States Bankruptcy Court for the Central District of California. If the Filed Document is a petition, I further declare under penalty of perjury that I have completed and signed a Statement of Social Security Number(s) (Form B21) and provided the executed original to my attorney.

_____      7/30/2012

Signature of Signing Party      Date

**Dante A. Boone**

Printed Name of Signing Party

### PART II - DECLARATION OF ATTORNEY FOR SIGNING PARTY

I, the undersigned Attorney for the Signing Party, hereby declare under penalty of perjury that: (1) the "/s/," followed by my name, on the signature lines for the Attorney for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature lines; (2) the Signing Party signed the Declaration of Debtor(s) or Other Party before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (3) I have actually signed a true and correct hard copy of the Filed Document in the locations that are indicated by "/s/," followed by my name, and have obtained the signature(s) of the Signing Party in the locations that are indicated by "/s/," followed by my name, on the true and correct hard copy of the Filed Document; (4) I shall maintain the executed originals of this Declaration, the Declaration of Debtor(s) or Other Party, and the Filed Document for a period of five years after the closing of the case in which they are filed; and (5) I shall make the executed originals of this Declaration, the Declaration of Debtor(s) or Other Party, and the Filed Document available for review upon request of the Court or other parties. If the Filed Document is a petition, I further declare under penalty of perjury that: (1) the Signing Party completed and signed the Statement of Social Security Number(s) (Form B21) before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (2) I shall maintain the executed original of the Statement of Social Security Number(s) (Form B21) for a period of five years after the closing of the case in which they are filed; and (3) I shall make the executed original of the Statement of Social Security Number(s) (Form B21) available for review upon request of the Court.

_____      7/30/2012

Signature of Attorney for Signing Party      Date

**Gene W. Choe 187704**

Printed Name of Attorney for Signing Party

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

November 2006

**Exhibit F**

Name **Gene W. Choe**
Address **Law Offices of Gene W. Choe**
    **3250 Wilshire Blvd., #1200**
    **Los Angeles, CA 90010**

Telephone **213-639-3888**   (FAX) **213-383-8280**
Email Address **maria@choicelaw.org**

[X] Attorney for Debtor
State Bar No. **187704**

[ ] Debtor(s) in Pro Se    (Any reference to the singular shall include the plural in the case of joint debtors.)

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| List all names (including trade names) used by the debtor within the last 8 years:<br><br>**Dante A. Boone** | Chapter 13 Case No. **2:12-bk-29002**<br><br>**First Amended**<br>**CHAPTER 13 PLAN**<br><br>**CREDITORS MEETING:**<br>**Date:**   **7/06/12**<br>**Time:**   **01:00 PM**<br>**Place:**   **RM 103, 725 S Figueroa St, Los Angeles, CA 90017**<br>**CONFIRMATION HEARING:**<br>**Date:** 8/02/2012<br>**Time:** 10:00 a.m.<br>**Place:** 255 E Temple St.,Crtrm 1545, Los Angeles, California 90012 |
| --- | --- |

## NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. § 1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 7 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C.§1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*

**F3015-1.1**
**Exhibit F**

Chapter 13 Plan  (Rev. 12/09) - Page 2                                    2009 USBC, Central District of California

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

The Debtor proposes the following Plan and makes the following declarations:

**I.    PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE:**

The Debtor submits the following to the supervision and control of the Chapter 13 Trustee:

A.    Payments by Debtor of **$750.00**  per month for  **27**   months, to increase to **$1,350.00** per month for **2**   months, when Debtor's $600.00 car payment is paid off. Then **$1,520.00**  per month for **31**  months when Debtor's 401k loan expires in month 29.  This monthly Plan Payment will begin within 30 days of the date the petition was filed.

B.    The base plan amount is $ **70,070.00**  which is estimated to pay  **2** % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the Chapter 13 Trustee may increase the percentage to be paid to creditors accordingly.

C.    Amounts necessary for the payment of post-petition claims allowed under 11 U.S.C. § 1305.

D.    Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| -NONE- | | | |

Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The Chapter 13 Trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate  protection payments or preconfirmation lease payments.

E.    Other property:  (specify property or indicate none)
      **NONE**

---

*Revised December 2009*                                                               **F3015-1.1**
                                                                              **Exhibit F**

**II.    ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:**

Except as otherwise provided in the plan or by court order, the Chapter 13 Trustee shall disburse all available funds for the payment of claims as follows:

A.    ORDER OF PAYMENTS:

    1.    If there are Domestic Support Obligations, the order of priority shall be:

        (a)    Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date;

        (b)    Administrative expenses (Class 1(a)) in an amount not exceeding _____% of each Plan Payment until paid in full;

    2.    If there are no Domestic Support Obligations, the order of priority shall be the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses (Class 1(a)) in an amount not exceeding __% of each Plan Payment until paid in full.

    3.    Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the Chapter 13 Trustee from the Plan Payment; such secured debt may be paid by the Chapter 13 Trustee commencing with the inception of Plan Payments.

    4.    Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

    5.    No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*

**F3015-1.1**

Exhibit F

B.    CLASSIFICATION AND TREATMENT OF CLAIMS:

| CLASS 1 | | | | | |
|---|---|---|---|---|---|
| **ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507** | | | | | |
| The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4). | | | | | |
| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| a.  Administrative Expenses | | | | | |
| (1)    Chapter 13 Trustee's Fee – estimated at **11%** of all payments to be made to all classes through this Plan. | | | | | |
| (2)    Attorney's Fees | | | | | |
| (3)    Chapter 7 Trustee's Fees | | | | | |
| (4)    Other | | | | | |
| b.  Other Priority Claims | | | | | |
| (1)    Internal Revenue Service | | | | | |
| **Internal Revenue Service** | **$42,156.49** | **0%** | **$1,359.89** | **31** | **$42,156.49** |
| (2)    Franchise Tax Board | | | | | |
| (3)    Domestic Support Obligation | | | | | |
| (4)    Other | | | | | |
| c.  Domestic Support Obligations that are not to be paid in full in the Plan (Specify Creditor Name): | | | | | |
| | | | | | |

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES <u>AFTER</u> THE FINAL PLAN PAYMENT IS DUE

1.  [ ]    The post-confirmation monthly mortgage payment will be made by the Chapter 13 Trustee from the Plan Payment to:

2.  [ ]    The post-confirmation monthly mortgage payment will be made by the Debtor directly to:

_____                    _____
            (name of creditor)                                      (last 4 digits of account number)

_____                    _____
            (name of creditor)                                      (last 4 digits of account number)

**The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.**

| Name of Creditor | Last Four Digits of Account Number | Cure of Default | | | | |
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |

## CLASS 3

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL DURING THE TERM OF THE PLAN

| Name of Creditor | Last Four Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

**F3015-1.1**
**Exhibit F**

## CLASS 4

### OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE

1.  [ ]    The post-confirmation monthly payment pursuant to the promissory note will be made by the Chapter 13 Trustee from the Plan Payment to:

2.  [X]    The post-confirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

| Santander Consumer USA Inc. | xxx1783 |
|---|---|
| (name of creditor) | (last 4 digits of account number) |
| Wachovia | xxxx2063 |
| (name of creditor) | (last 4 digits of account number) |

**The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.**

| Name of Creditor | Last Four Digits of Account Number | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| Santander Consumer USA Inc. | xxx1783 | $1,865.06 | 8.79 | $71.68 | 29 | $2,078.71 |
| Wachovia | xxxx2063 | $16,200.00 | 6.38 | $604.15 | 29 | $17,520.30 |

## CLASS 5

### NON-PRIORITY UNSECURED CLAIMS

Debtor estimates that non-priority unsecured claims total the sum of  $77,807.59  .
Class 5 claims will be paid as follows:

(Check one box only.)

[X]    Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.

OR

[ ]    Class 5 claims will be divided into subclasses as shown ~~on the attached exhibit~~ *directly below* (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

## III.    COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $  335,843.51  which is estimated to pay  100 % of the scheduled nonpriority unsecured debt.

*Revised December 2009*

**F3015-1.1**
**Exhibit F**

## IV.  PLAN ANALYSIS

| | |
|---|---|
| CLASS 1a | $0.00 |
| CLASS 1b | $42,156.49 |
| CLASS 1c | $0.00 |
| CLASS 2 | $0.00 |
| CLASS 3 | $0.00 |
| CLASS 4 | $19,599.01 |
| CLASS 5 | $1,370.77 |
| SUB-TOTAL | $63,126.27 |
| CHAPTER 13 TRUSTEE'S FEE (Estimated  11% unless advised otherwise) | $6,943.73 |
| TOTAL PAYMENT | $70,070.00 |

## V.  OTHER PROVISIONS

A.  The Debtor rejects the following executory contracts and unexpired leases.

Name of Other Party:                    Description of contract/lease:
-NONE-

B.  The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):

Name of Other Party:                    Description of contract/lease:
-NONE-

C.  In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:

Creditor Name:                          Monthly Payment:
-NONE-

D.  The Debtor hereby surrenders the following personal or real property. (Identify property and creditor to which it is surrendered.)

Creditor Name:                          Description:

Ally Financial                          2007 Chevy Corvette
                                        (3,000 miles)

Metlife Home Loans                      Single Family Residence
                                        9207 S. Vail Way
                                        Inglewood, CA 90305

Ross Renanissance HOA                   Single Family Residence
                                        9207 S. Vail Way
                                        Inglewood, CA 90305

E.  The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F.  Miscellaneous provisions: (Use Attachment, if necessary)

G.  The Chapter 13 Trustee is authorized to disburse funds after the date confirmation is announced in open court.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009

**F3015-1.1**
Exhibit F

H.  The Debtor will pay timely all post-confirmation tax liabilities directly to the appropriate taxing authorities as they come due.

I.  The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

## VI.  REVESTING OF PROPERTY

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the Chapter 13 Trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the Local Bankruptcy Rules. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

Dated:  **July 30, 2012**

/s/ Gene W. Choe

**Gene W. Choe**
**187704**
Attorney for Debtor(s)

/s/ Dante A. Boone

**Dante A. Boone**
Debtor

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*

**F3015-1.1**
Exhibit F

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| ADAM N. BARASCH (State Bar No. 158220)<br>BERNARD J. KORNBERG (State Bar No. 252006)<br>JOHN B. SULLIVAN (State Bar No. 96742)<br>SEVERSON & WERSON, P.C.<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111<br>e-mail: bjk@severson. com<br>Telephone # (415) 677-5548 Fax # (415) 677-5664<br><br>☒ *Attorney for Movant(s)*<br>☐ *Movant(s) appearing without an attorney* | **FILED & ENTERED**<br><br>**SEP 27 2012**<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY vandenst DEPUTY CLERK |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re:<br><br>DANTA A. BOONE,<br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:12-BK-29002-NB<br><br>CHAPTER: 13<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (PERSONAL PROPERTY)**<br><br>DATE: September 25, 2012<br>TIME: 10:00 AM<br>COURTROOM: 1545<br>PLACE: 255 E. Temple Street<br>          Los Angeles, CA 90012-3332 |
|---|---|

| Movant: **ALLY FINANCIAL, INC., f/k/a GMAC, INC.** |
|---|

1. The Motion was:       ☐ Opposed    ☒ Unopposed    ☐ Settled by stipulation

2. The Motion affects the following personal property (Property):

   ☒ Vehicle (*describe year, manufacturer, type and model*): 2007 Chevrolet Corvette

       Vehicle identification number:  1G1YY36U275102669
       Location of vehicle (*if known*): In Debtor's possession

   ☐ Equipment (*describe manufacturer, type, and characteristics*):

       Serial number(s):    _____
       Location (*if known*):  _____

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2011 (17000.3500/2398165.1)                Page 1                **F 4001-1.ORDER.PP**
                                                                                          **Exhibit G**

☐ Other Property (*describe type, identifying information, and location*):

    ☐ See Exhibit _____ attached to this Order.

3. The Motion is granted under:     ☒ 11 U.S.C. § 362 (d)(1)     ☐ 11 U.S.C. § 362(d)(2)

4. As to the Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:
  a. ☒ Terminated as to Debtor and Debtor's bankruptcy estate.
  b. ☐ Annulled retroactively to the date of the bankruptcy petition filing.
  c. ☐ Modified or conditioned as set for the in Exhibit _____ to this Order.

5. ☐ Movant may enforce its remedies to repossess or otherwise obtain possession and dispose of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant must not repossess the Property before the following date (*specify*): _____

7. ☐ The stay remains in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this Order.

8. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this Order. The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this Order.

9. This Order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

10. This court further orders as follows:
  a. ☒ The 14-day stay provided by FRBP 4001(a)(3) is waived.
  b. ☐ The provisions set forth in the Extraordinary Relief Attachment shall also apply (*attach Optional Form F 4001-1O.ER*).
  c. ☐ See attached continuation page for additional provisions.

###

DATED: September 27, 2012                _____
                                         United States Bankruptcy Judge

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2011* (17000.3500/2398165.1)          Page 2          **F 4001-1.ORDER.PP**

**Exhibit G**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
One Embarcadero Center, Suite 2600, San Francisco, CA 94111

A true and correct copy of the foregoing document described as **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (PERSONAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Order(s) and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.
On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL OR OVERNIGHT MAIL** (state method for each person or entity served):
On September 27, 2012, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Neil W. Bason
USBC – Central District
Los Angeles Division
Edward R. Roybal Federal Building
255 E. Temple Street, Room 1552
Los Angeles, CA 90012-3332

Kathy A Dockery
Chapter 13 Trustee
700 S. Flower Street, Suite 1950
Los Angeles, CA 90017

Dante A. Boone
9207 S. Vail Way
Inglewood, CA 90305

Gene W Choe
3250 Wilshire Blvd Ste 1200
Los Angeles, CA 90010

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: September 27, 2012        Signature: _____/s/ Erica Wheelock_____

                                Printed Name: _____Erica Wheelock_____

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2011 (17000.3500/2398165.1)        Page 3        F 4001-1.ORDER.PP
Exhibit G

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (PERSONAL PROPERTY)** was entered on the date stated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Order(s) and LBRs, the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of <u>September 27, 2012</u>, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) stated below:

Movant's Attorney:  Bernard J. Kornberg - bjk@severson. com
Debtor's Attorney: Gene W. Choe - maria@choicelaw.org, ecfchoicelaw@gmail.com¶
Chapter 13 Trustee: Kathy A. Dockery - efiling@CH13LA.com

☐  Service information continued on attached page

**2. SERVED BY THE COURT VIA UNITED STATES MAIL**: A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) stated below:

Dante A. Boone
9207 S. Vail Way
Inglewood, CA 90305

☐  Service information continued on attached page

**3. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an   Entered   stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) stated below:

☐  Service information continued on attached page

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2011* (17000.3500/2398165.1)                          Page 4                          **F 4001-1.ORDER.PP**

**Exhibit G**

FORM B104  (08/07)                                                                                              2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Ally Financial Inc. f/k/a GMAC c/o Toriana S. Holmes<br>One Embarcadero Center, Ste. 2600, San Francisco, CA 94111 | DEFENDANTS<br>Dante Allen Boone<br>9207 S. Vail Way, Inglewood, CA 90305 |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Toriana S. Holmes, Severson & Werson, P.C.<br>One Embarcadero Center, Ste. 2600<br>San Francisco, CA 94111      (415) 398-3344 | ATTORNEYS (If Known)<br>Julie J. Villalobos, Oak Tree Law<br>10900 183rd Street, Ste. 270<br>Cerritos, CA 90703      (562) 741-3938 |

| PARTY (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☑ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Conversion, Interference with Chattels, and to Determine Dischargeability of Debt Under 11 U.S.C. § 523(a)(6).

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**

☐ 11-Recovery of money/property - §542 turnover of property

☐ 12-Recovery of money/property - §547 preference

☐ 13-Recovery of money/property - §548 fraudulent transfer

☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**

☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**

☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**

☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**

☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims

☐ 62-Dischargeability - §523(a)(2), false pretenses, false
     representation, actual fraud

☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement,
     larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**

☐ 61-Dischargeability - §523(a)(5), domestic support

☐ [1] 68-Dischargeability - §523(a)(6), willful and malicious injury

☐ 63-Dischargeability - §523(a)(8), student loan

☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
     (other than domestic support)

☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**

☐ 71-Injunctive relief – imposition of stay

☐ [2] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**

☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**

☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**

☐ 01-Determination of removed claim or cause

**Other**

☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*

☐ [3] 02-Other (e.g. other actions that would have been brought in state
     court if unrelated to bankruptcy case)

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 22,375.00 |

Other Relief Sought
Attorneys' fees and costs, punitive damages, and determination of non-dischargeability of debt to Ally Financial Inc. f/k/a GMAC

FORM B104 (08/07), page 2                                                    2007 USBC, Central District of California

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| Dante Allen Boone | 2:15-bk-15658 |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| Central District of California | Los Angeles | Hon. Thomas B. Donovan |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| | | |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| | | |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| November 6, 2015 | Toriana S. Holmes, for Ally Financial Inc. f/k/a GMAC |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.